IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRELL D. COOKS,                    )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )    CASE NO. 2:26-cv-13-ECM
                                     )
QUIKAID THE DISABILITY EXPERTS,[1]   )
                                     )
        Defendant.                   )

**O R D E R**

On January 30, 2026, the Magistrate Judge recommended that *pro se* Plaintiff Terrell D. Cooks' ("Cooks") civil action be dismissed without prejudice because Cooks failed to file an amended complaint which complied with the Court's Orders and the Federal Rules of Civil Procedure. (Doc. 8).  Cooks timely filed objections to the Recommendation.[2]  After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Cooks' objections, the Court concludes that Cooks' objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject,

---

[1] The Clerk of Court is DIRECTED to correct the spelling of the Defendant's name on the docket.

[2] Objections were originally due on February 13, 2026. (Doc. 8 at 5).  The Magistrate Judge granted the Plaintiff's motion for extension of time and extended the objection deadline to March 5, 2026. (Doc. 10).

or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[3]

After careful review, the Court finds that Cooks has not raised a specific objection to any portion of the Recommendation and instead merely restates the allegations in his amended complaint.  The Court discerns no error—let alone clear error—in the Magistrate Judge's Recommendation.  Consequently, Cooks' objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1.    Cooks' objections (doc. 11) are OVERRULED;

2.    The Recommendation of the Magistrate Judge (doc. 8) is ADOPTED, and this case is DISMISSED without prejudice;

---

[3] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

3.     All pending motions are DENIED as moot, and all pending deadlines are

TERMINATED.

A separate Final Judgment will be entered.

DONE this 6th day of April, 2026.

　　　　　　　　　　　　/s/ Emily C. Marks
　　　　　　　　　　　EMILY C. MARKS
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE